Dear Mayor Smith:
I am in receipt of your letter requesting an Attorney General's opinion on two different, but related topics. Your first question asks whether the city attorney or the city council has authority to appoint assistant city attorneys. Your second inquiry concerns whether the city attorney can set the terms of compensation for new assistant city attorneys or whether the council has to approve the amount of compensation.
You have provided us with a complete copy of the City of Zachary Home Rule Charter and directed our attention to section 4-03 which deals with the city attorney. This section provides as follows:
 A. The city attorney shall be an attorney licensed to practice in the courts of Louisiana with at least five (5) years' experience in the practice of law.
 B. The city attorney shall serve as chief legal adviser to the mayor, council and all departments, offices and agencies, shall represent the City in all legal proceedings and shall perform any other duties prescribed by this charter or by ordinance.
 C. Any assistant city attorneys authorized by the council shall be appointed by the city attorney and serve at the pleasure of the city attorney.
 D. No special legal counsel shall be employed by the City except by written contract and approval of the council.
What has given rise to this controversy is the council's desire to appoint an assistant city attorney to serve as a city prosecutor. The city attorney believes it is his prerogative to fill this position without the confirmation of the council. The parties' dispute focuses on the language contained in section 4-03 C. The council relies on the wording "authorized by the council" which they interpret to mean that they have authority to approve the assistant city attorney's selection. The city attorney, on the other hand, believes "authorized by the council" means the council's long-standing approval of the hiring of such attorneys and the allocation of the funds to pay for the positions.
Neither the Code of Ordinances nor the Home Rule Charter contain provisions that specifically provide for the office of "city prosecutor." Historically the city attorney has appointed an assistant city attorney, to whom he has delegated the functions and responsibility of serving as "city prosecutor." The position of assistant city attorney has been authorized by the city council and provided for in the City's budget for at least the past eleven years. During this same time period, the council has given its pro forma approval of appointments for the positions of city attorney and assistant city attorney.
You state that since 1979 the city attorney has been appointed by the mayor and approved by a favorable vote of the council. You further indicate that the city prosecutor has been appointed by the city attorney as an assistant city attorney as authorized and budgeted by the city council.
"General Provisions" of the Charter are addressed in section 4-01. This section provides that:
 [e]xcept as otherwise provided by this charter all departments, offices and agencies shall be under the direction of the mayor, and the heads of all departments created by or under this charter, including the city attorney, shall be appointed by the mayor, subject to confirmation by the council, and shall serve at the pleasure of the mayor.
Section 4-03 C. deals with the appointment of assistant city attorneys by the city attorney. The language of section 4-01 notwithstanding, this statute does not mention confirmation by the city council of assistant city attorneys. The lack of the phrase "subject to confirmation by the council" in either section 4-01 or 4-03 C. must be interpreted to mean that such confirmation is not required.
This office is of the opinion that the term "authorized" in section 4-03 C. refers to a created position for an assistant city attorney. This position must be authorized and budgeted for by the mayor. However, the person selected need not be confirmed by the council and works under the direction and supervision of the city attorney. Your second question asks whether the city attorney can set the terms of compensation for the new assistant city attorney or whether the city council has to approve the amount of compensation.
Subparagraph A. of subsection 3-08 deals with the Powers and Duties of the Mayor. Subsection A. (5) reads as follows:
 A. The mayor, as chief executive officer of the City, shall have the following powers and duties:
 * * *
 (5) Prepare and submit the annual budget and five (5) year capital program to the council.
Section 5-02 is entitled "Operation Budget Preparation and Adoption" and requires that:
 at least sixty (60) days prior to the beginning of each fiscal year the mayor shall submit to the council a proposed operating budget in the form required by this charter . . . The budget shall be finally adopted not later than the second to last regular meeting of the fiscal year. If the budget has not been finally adopted by that date, the budget as submitted to the council by the mayor shall become effective. Upon final adoption, the budget shall be in effect for the budget year. . . .
Historically, in preparing the budget, the mayor, having consulted with the city attorney, creates various line items to pay for different types of legal services. One of those items includes compensation for assistant city attorneys. In accordance with section 3-08 A (5) of the city charter, the mayor submits a budget including these budgetary items to the council. However, the council is not involved in making recommendations for the specific items included within the budget. The council's function is to review and adopt the budget by the second to last regular meeting of the fiscal year if the council deems it appropriate. If council has not finally adopted the budget by that date, the budget "as submitted to the council by the mayor" shall become effective. Thus, based upon the provisions of the charter cited above, the mayor, in consultation with the city attorney, sets the compensation for new assistant city attorneys without the necessity of obtaining approval of the council.
In conclusion, the term "authorized" in Section 4-03 C. refers to a created position for an assistant city attorney. This position must be authorized and budgeted for by the mayor. However, the person selected does not have to be confirmed by the council. All assistant city attorneys work under the direction and supervision of the city attorney. The power to set the compensation for the new assistant city attorney falls under the domain of the mayor who in consultation with the city attorney prepares and submits a budgeted amount for such legal expense.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to call.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL